UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLARD F. NIXON                                   CIVIL ACTION

VERSUS

GEORGIA PACIFIC                          NO. 21-00142-BAJ-RLB
CORPORATIONS, ET AL.

## RULING AND ORDER

Before the Court are three Motions to Dismiss filed by Georgia-Pacific Consumer Operations LLC; Koch Industries, Inc.; and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, Local 335 who, pursuant to Rule 12(b)(6), seek dismissal of Plaintiff's claims (Docs. 12, 13, & 29).   Two of the three motions are opposed. (Docs. 17, 33).  For the reasons stated below, Defendants' Motions are **GRANTED.**

## I.    RELEVANT BACKGROUND

Plaintiff is an employee of Defendant Georgia-Pacific, which operates a paper mill in Zachary, Louisiana, that manufactures consumer products.  Plaintiff, as an hourly employee, is a member of Defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, Local 335.  At all relevant times a collective bargaining agreement between Georgia-Pacific and Local 335 covered the terms and conditions of all the bargaining unit workers' employment, including the Plaintiff.

In July 2016, Plaintiff was employed as a Second Helper in the mill's utilities

department. Thereafter, Georgia-Pacific made the business decision to eliminate the Second Helper position. Georgia-Pacific informed the President of Local 335 of the elimination of the Second Helper position and its intention to reassign Plaintiff to the Senior Utility position in the same department.

On October 14, 2016, Plaintiff filed a Charge of Discrimination with the EEOC alleging discrimination based on his race and age, in violation of the Louisiana Employment Discrimination Law, La. R.S. 23:301 et seq. and the Age Discrimination in Employment Act. On December 7, 2020, the EEOC issued its Notice of Right to sue.

On March 4, 2021, Plaintiff filed this lawsuit alleging race and age discrimination in violation of Title VII, the Louisiana Employment Discrimination Law, La. R.S. 23:301 et seq. and the Age Discrimination in Employment Act against Defendants.

## II.    LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (*citing Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly,* 550 U.S. at 555. When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.,* 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

## III.    ANALYSIS

### A. Louisiana Employment Discrimination Law claims against all Defendants

Defendants each assert that Plaintiff's LEDL claims have prescribed.  (Doc. 12–1, p. 4, Doc. 13–1, p. 5, Doc. 29–1, p. 4).  The LEDL features a one-year prescriptive period that begins to run from the date that the discrimination occurs. *Nabors v. Metro. Life Ins. Co.,* 2012 WL 2457694, at *3 (W.D. La. May 30, 2012), *report and recommendation adopted,* 2012 WL 2427169 (W.D. La. June 26, 2012).  However, this period can be extended for a maximum of six months pending an investigation or review by the EEOC or Louisiana Commission on Human Rights. La. R.S. 23:303(D). Here, Plaintiff alleged that the discrimination occurred on July 1, 2016, giving him until January 1, 2018, to timely file suit under the LEDL. (Doc. 1 ¶9).  Plaintiff filed his complaint on March 4, 2021, more than three years after the end of the

3

prescriptive period. *See* (Doc. 1). Accordingly, Plaintiff's LEDL claims against all Defendants are **DISMISSED WITH PREJUDICE** as time barred.

### B. Failure to Exhaust Administrative Remedies as to Koch and Local 335

To bring a claim of discrimination under Title VII or the ADEA, a plaintiff must exhaust his administrative remedies. *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021) (*citing Melgar v. T.B. Butler Publ'g Co.*, 931 F.3d 375, 378–79 (5th Cir. 2019) (per curiam) (citation omitted)). To properly exhaust administrative remedies, a plaintiff must file a charge with the EEOC. *See Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006).

Here, Plaintiff's EEOC charge fails to mention either Koch or Local 335. *See* (Doc. 12-3). Plaintiff's EEOC charge names Georgia-Pacific but does not name either Koch or Local 335. *See* (Doc. 12-3). The United States Court of Appeals for the Fifth Circuit has held that "a party not named in an EEOC charge may not be sued under Title VII." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014), *as revised* (Sept. 18, 2014). It also stands to reason that a party not named in an EEOC charge may not be sued under the ADEA. *See E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014), *as revised* (Sept. 18, 2014). During the administrative review proceedings, the EEOC did not provide either Koch or Local 335 the opportunity to respond to Plaintiff's charge or to participate in any conciliation proceedings, presumably because Plaintiff failed to name them as parties to the proceedings. Accordingly, Plaintiff's Title VII and ADEA claims against Koch and Local 335 are **DISMISSED WITH PREJUDICE** for failure to exhaust his administrative

remedies.

## C. Race Discrimination claims against Georgia-Pacific

Georgia-Pacific argues that Plaintiff has failed to allege that he is a member of a protected class and that the adverse event resulted because of his protected status. (Doc. 12–1, p. 6).

To survive a Motion to Dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff need not make out a prima facie case of discrimination. *Whitlock v. Lazer Spot, Inc.*, 657 F. App'x 284, 286 (5th Cir. 2016) (*citing Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). The ultimate question in a Title VII discrimination case is "whether a defendant took the adverse employment action against a plaintiff because of his protected status." *Raj*, 714 F.3d at 331 (*quoting Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568, 576 (5th Cir. 2004)). Plaintiff suffered an adverse employment action when Georgia-Pacific demoted him to a lower seniority position. *See* (Doc. 1). However, it is unclear from Plaintiff's complaint that the adverse action occurred because of his protected status.

Plaintiff alleges that although Georgia-Pacific had a policy "of allowing their employees to retain their seniority if a position was reassigned or eliminated," he was demoted to a trainee position. (Doc. 1 ¶9). He further alleges that he was not given the same training as his white counterparts, nor was he given proper safety equipment until two weeks later. (Doc. 1 ¶9). He also alleges that he was treated less favorably than similar situated white employees who held "non-promotional job

classifications" but were placed in the line of progression and allowed to maintain their seniority. (Doc. 1 ¶11).

These conclusory allegations do not contain sufficient content to allow the Court to draw the inference that Georgia-Pacific is liable for demoting Plaintiff because of his race. Plaintiff does not identify the job titles or qualifications of the white employees who were allegedly placed in the promotional line of progression and who maintained their seniority. Additionally, Plaintiff does not specify the type of training that white employees received that he did not.

Accordingly, Plaintiff's Title VII race discrimination claim against Georgia-Pacific is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. However, the Court will provide Plaintiff with an opportunity to amend his claim to address the deficiencies noted herein.

### D. ADEA claims against Georgia-Pacific

Georgia-Pacific argues that Plaintiff's ADEA claim should be dismissed because his complaint "is completely devoid of facts supporting" this claim. (Doc. 12-1, p. 8).

Again, Plaintiff need not make out a prima facie case of discrimination to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Haskett v. T.S. Dudley Land Co.*, 648 F. App'x 492, 495 (5th Cir. 2016). However, the prima facie elements are helpful in the Rule 12(b)(6) analysis. *Flores v. Select Energy Servs., L.L.C.*, 486 F. App'x 429, 432 (5th Cir. 2012). Here, Plaintiff need only allege that he worked for Georgia-Pacific at the time of the demotion; he was qualified for the

position; he was within the protected class when demoted; and he was either replaced by someone outside the protected class, replaced by someone younger, or was otherwise demoted because of his age. *Flores v. Select Energy Servs., L.L.C.*, 486 F. App'x 429, 432 (5th Cir. 2012).

Here, Plaintiff only alleges that he worked for Georgia-Pacific and, through his EEOC charge, it is inferred that he was within a protected class, i.e., above forty years old. (Doc. 1). However, nowhere in his complaint does he allege that he was within the protected class, or that he was either replaced by someone outside of the protected class who was younger, or otherwise demoted because of his age.

Accordingly, Plaintiff's Age Discrimination and Employment Act claim against Georgia-Pacific is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. However, the Court will provide Plaintiff with an opportunity to amend his claim to address the deficiencies noted herein.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Georgia-Pacific's Motion to Dismiss claims under the Louisiana Employment Discrimination Law (Doc. 12) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Louisiana Employment Discrimination Law claim against Georgia-Pacific is **DISMISSED WITH PREJUDICE** as time barred.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII race discrimination claim and Age Discrimination and Employment Act claim against Georgia-Pacific are

7

**DISMISSED WITHOUT PREJUDICE**, to afford Plaintiff the opportunity to amend his claim to address the deficiencies noted herein.

**IT IS FURTHER ORDERED** that Defendant Koch Industries, Inc.'s Motion to Dismiss (Doc. 13) is **GRANTED**. Plaintiff's Louisiana Employment Discrimination Law claim against Koch is **DISMISSED WITH PREJUDICE** as time barred.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII race discrimination claim and Age Discrimination and Employment Act claim against Koch are **DISMISSED WITH PREJUDICE** for failure to exhaust all administrative remedies.

**IT IS FURTHER ORDERED** that Defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, Local 335's Motion to Dismiss (Doc. 29) is **GRANTED**. Plaintiff's Louisiana Employment Discrimination Law claim against Local 335 is **DISMISSED WITH PREJUDICE** as time barred.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII race discrimination claim and Age Discrimination and Employment Act claim against Local 335 are **DISMISSED WITH PREJUDICE** for failure to exhaust all administrative remedies.

**IT IS FURTHER ORDERED** that the amendments to the claims, as described herein, shall be filed by Plaintiff within 21 days of the entry of this Order.

Baton Rouge, Louisiana, this __24th__ day of January, 2022

_____

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

9